UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        v.                          )
                                    )   Criminal No. 05-0066 (PLF)
WALTER ANDERSON,                    )
                                    )
        Defendant.                  )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's motion under Rules 12(b)(4)(B) and 16(b)(1)(A) of the Federal Rules of Criminal Procedure to compel the government to provide a notice of intent to use specified evidence in its case-in-chief at trial. Argument was heard on the motion on February 21, 2006. Upon consideration of the arguments of the parties as expressed in their briefs and in open court, the Court grants defendant's motion in part.

Rule 16 of the Federal Rules of Criminal Procedure authorizes a criminal defendant's discovery of, *inter alia*, books, papers, documents, data, photographs and tangible objects that are "within the government's possession, custody or control" and are "material to preparing the defense," or "[that] the government intends to use . . . in its case-in-chief at trial [or that were] obtained from or belong[] to the defendant." FED. R. CRIM. P. 16(a)(1)(E). Rule 12(b)(4)(B) imposes on the government an additional discovery obligation, providing that:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

FED. R. CRIM. P. 12(b)(4)(B).

The government already has produced for or made available to the defendant hundreds of thousands of pages of documents of potential relevance to this case. Defendant's motion seeks to compel the government to identify with specificity which of those items it intends to use as evidence at trial. According to defendant, the materials at issue here fall into two large groups: (1) those obtained through grand jury subpoenas, demands made to banks and other financial institutions, and those obtained from foreign sources (the "grand jury materials"); and (2) materials seized from Mr. Anderson's home and office pursuant to search warrants issued by a magistrate judge and executed on March 19, 2002 and November 7, 2003 (the "seized materials"). The government has directly produced approximately 100 boxes of grand jury materials to defendant; the seized materials, which constitute an additional hundred or so boxes, currently are housed at the offices of the Internal Revenue Service in Washington, D.C., and have been made available for defendant's inspection and copying there.

Defendant argues first that the Court should exercise its discretion under Rule 16 of the Federal Rules of Criminal Procedure and require the government to identify which of the grand jury materials it intends to use in its case-in-chief at trial. Defendant also argues that Rule 12(b)(4)(B) requires the government to identify which of the seized materials it intends to use in its case-in-chief. The Court first addresses defendant's argument under Rule 12.

*A. Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure*

Rule 12(b)(4)(B) allows a defendant to "request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to

discover under Rule 16." FED. R. CRIM. P. 12(b)(4)(B).  The purpose of this provision of Rule 12 is to "insur[e] that a defendant knows of the government's intention to use evidence to which the defendant may want to object." FED. R. CRIM. P. 12 Advisory Committee Note to 1974 Amendment.  Requiring the government to specify which of the material already discoverable under Rule 16 that it intends to use in its case-in-chief allows the defendant "to avoid the necessity of moving to suppress evidence which the government does not intend to use." Id.  The amendments proposed by the Supreme Court and permitted by Congress to take effect in 1975 show that compliance with such a defense request is mandatory:  "the government, either on its own or in response to a request by the defendant, <u>must</u> notify the defendant of its intent to use certain evidence in order to give the defendant an opportunity before trial to move to suppress that evidence." FED. R. CRIM. P. 12, Notes of the Committee on the Judiciary to 1975 Enactment, Amendments Proposed by the Supreme Court, H.R. Rep. No. 94-247 (emphasis added); <u>see also</u> Advisory Committee Note to 2002 Amendment (in explaining renumbering and reorganization of subparts of the Rule, stating that "[t]he Committee believed that [old Rule 12(d)], which addresses the government's <u>requirement</u> to disclose discoverable information for the purpose of facilitating timely defense objections and motions, was more appropriately associated with the pretrial motions specified in Rule 12(b)(3).") (emphasis added); <u>United States v. Norman</u>, 2005 WL 2739082, at *2 (S.D. Ill. 2005) ("the government is obligated to comply with both Rule 16 and Rule 12(b)(4)(B).").

   Defendant's entitlement under Rule 12(b)(4)(B), then, is clear:  of the material seized from Mr. Anderson's home and office, the government must notify defendant of the evidence that it intends to use in its case-in-chief – that is, the evidence that will appear on the

government's exhibit list for trial. This does <u>not</u> include evidence that its witnesses may have reviewed or relied on, but that the government does not plan to offer in evidence at trial.[1] The Court's Order will not prevent the government from using evidence not disclosed under Rule 12 for such purposes as refreshing its witnesses' recollection, impeaching defendant's witnesses, or presenting its rebuttal case, "so long as the use of [those documents] was not planned in advance" of trial. United States v. Poindexter, 727 F. Supp. 1470, 1484 (D.D.C. 1989).

### B.  Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure

Defendant further seeks under Rule 16 to compel the government to disclose which items, of the grand jury materials, the government intends to use in its case-in-chief at trial. Rule 16 provides that:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

---

[1]   In connection with this holding, the Court emphatically rejects the government's suggestion, made in its opposition brief and at oral argument, that it has satisfied Rule 12(b)(4)(B) by "providing open-file discovery and giving notice that it intends to use all of the materials provided to the defendant pursuant to that policy." See Government's Opposition at 8. It is irrelevant under Rule 12 whether the government or its witnesses have reviewed or will "rely on" all of this material; unless the government intends to offer every single item in question as an exhibit in presenting its affirmative case at trial, any assertion that it will "use all of the materials provided" is simply not credible. See United States v. De La Cruz Paulino, 61 F.3d 986, 993 (1st Cir. 1995) ("To the extent that the government's open files contain information that is subject to Rule 16 discovery, Rule 12(d)(2) [now Rule 12(b)(4)(B)] creates a notice requirement. The open file policy does not, in and of itself, satisfy this notice requirement because it does not specify which evidence the government intends to use at trial. Providing open-file discovery does not satisfy [Rule 12(b)(4)(B)] because the defendant is still left in the dark as to exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial.") (quoting United States v. Brock, 863 F.Supp. 851, 868 (E.D. Wis. 1994) and United States v. Kelley, 120 F.R.D. 103, 107 (E.D. Wis.1988)) (quotation marks omitted).

      (i) the item is material to preparing the defense;

      (ii) the government intends to use the item in its case-in-chief at trial; or

      (iii) the item was obtained from or belongs to the defendant.

FED. R. CRIM. P. 16(a)(1)(E). As defendant concedes, the government has done what the text of the Rule appears to require: it has allowed defendant's counsel to inspect and copy all the items in the government's possession that are material to the defense, that the government intends to use in its case-in-chief, or that were obtained from or belong to the defendant. The problem, according to defendant, is that the government has not identified the items it has produced under Rule 16(a)(1)(E)(ii) – that is, those materials the government intends to use in its case-in-chief – as opposed to those it has produced under Rule 16(a)(1)(E)(i) and (iii). Defendant argues that unless the government specifies <u>which</u> of the thousands of items produced it will use at trial, he will be unable to prepare an adequate defense.

      Defendant concedes that the text of the Rule does not require the government to so categorize its disclosures, but argues that it is within the Court's discretion to require such categorization in this case. Although the government does not contest that the Court has such discretion, it asserts that it would be inappropriate for the Court to require such discovery this far in advance of trial.[2]

      Given the enormous volume of material produced in this case and defendant's limited resources, it is apparent that requiring defendant's counsel to peruse each page of the

---

[2] It is clear that the Court does indeed have such discretion. "The rule is intended to prescribe the minimum amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." FED. R. CRIM. P. 16 Advisory Committee Note to 1974 Amendment.

materials at issue here – in effect, to duplicate the work of document review presumably already done by the government – would materially impede defendant's counsel's ability to prepare an adequate defense or, as repeatedly emphasized by defendant's counsel at oral argument, to evaluate meaningly the government's plea offer and to engage in fruitful plea negotiations. See FED. R. CRIM. P. 16 Advisory Committee Note to 1974 Amendment (broad discovery under Rule 16 "contributes to the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea; by minimizing the undesirable effect of surprise at the trial; and by otherwise contributing to an accurate determination of the issue of guilt or innocence.").[3] The government does not credibly contest this reality. This fact alone counsels the Court, in the exercise of its discretion under Rule 16, to grant defendant's discovery request.

      In arguing that this case does not warrant the imposition of such discovery obligations so far in advance of trial, the government characterizes this case as a "single defendant straight-forward tax evasion case" and attempts to distinguish it from cases in which early discovery has been required, on the grounds that those case involved complex issues and large numbers of documents. Government's Opposition at 6-7 & n.4 (citing United States v. Upton, 856 F. Supp. 727, 748, 753 (E.D.N.Y. 1994) and United States v. Poindexter, 727 F. Supp. at 1472-81). The Court fails to see how this case – which the government has spent at least three years preparing, which is likely to involve entirely novel issues of law, and which

---

[3] Although the government has very helpfully Bates-stamped each document disclosed and categorized them by entity, such labeling and organization does not by itself obviate the need for defense counsel to <u>read</u> each of these documents in order to determine its potential relevance.

implicates a universe of potential evidence (on the order of 500,000 pages' worth) considerably larger than that involved in any of the cited cases – is any less complex or deserving of early discovery under Rule 16 than Upton or Poindexter.

Although the government claims (and defendant does not dispute) that it has produced material to which defendant is entitled under Rule 16(a)(1)(E)(i), (ii), and (iii), defendant has in its motion to compel requested only material covered by Rule 16(a)(1)(E)(ii) – that is, material the government intends to use in its case-in-chief at trial. It has not requested items "material to preparing the defense" under 16(a)(1)(E)(i), and, to the extent the defendant may have asked for access to items "obtained from or belong[ing] to the defendant" (under Rule 16(a)(1)(E)(iii)), that request is entirely subsumed under defendant's Rule 12 discovery request. Rule 16(a)(1)(E) provides for discovery of all this material only "[u]pon a defendant's request[.]" It seems an unreasonable reading of the Rule not to allow the defendant reasonably to define the scope of his own discovery request, especially where holding otherwise would substantially undermine the utility of that discovery.

The government's obligation to identify the material that it intends to use in its case-in-chief at trial parallels the defendant's obligation under Rule 16(b)(1)(A), which requires a defendant seeking discovery under Rule 16(a)(1)(E) to afford the government the opportunity to inspect and copy material that is "within the defendant's possession, custody, or control" and that "the defendant intends to use . . . in the defendant's case-in-chief at trial." As this Court previously has held, the government's possession of documents that a defendant intends to use in the defendant's case-in-chief does not eliminate the defendant's duty to disclose those documents and identify them as such under Rule 16(b)(1)(A). The defendant cannot satisfy that obligation

simply "by providing the government with the thousands of pages of discovery [he] received from the government and stating that the documents upon which [he] intends to rely are found somewhere therein." United States v. Hsia, 2000 WL 195067, at *1 (D.D.C. Jan. 21, 2000).  The reverse must also be true.  A reciprocity of obligations between the defendant and the government clearly is consistent with the intent of the Rules Advisory Committee, which in 2002 specifically amended Rule 16(b)(1)(B) to "track the similar language in revised Rule 16(a)(1)." FED. R. CRIM. P. 16 Advisory Committee Note to 2002 Amendment.  In short, for the intended reciprocity to be effectuated, the government must identify what it intends to rely on in its case-in-chief at trial before the defendant must identify what he intends to rely on in his.

It is also worth noting that the relevant language of Rule 12(b)(4)(B) – a mandatory Rule – and the relevant language of Rule 16(a)(1)(E) are virtually identical:  Under the former, the government is required to identify and produce evidence that it intends to use in "in its evidence-in-chief at trial," while under the latter the government must permit the inspection or copying of items the government "intends to use . . . in its case-in-chief at trial." As a result, the Court's discretionary ruling under Rule 16(a)(1)(E) puts no greater burden on the government than does its decision to direct the government to comply with Rule 12(b)(4)(B).

It is in both Mr. Anderson's and the government's interest that the defendant be able to mount an adequate defense and/or engage in meaningful plea discussions, and it is the Court's view that the identification and production of the requested information will help to ensure that he can.  For these reasons, the Court will grant plaintiff's motion under Rule 16, insofar as it seeks the identification of which grand jury materials the government intends to use in its case-in-chief.  Again, this Order will not prevent the government from using evidence not previously identified for limited purposes such as refreshing recollection, impeachment and

rebuttal, so long as the use of that evidence was not planned in advance of trial. Neither will the granting of plaintiff's motion under Rule 12 and Rule 16 preclude defendant from seeking further discovery if, on the basis of the material identified, defendant believes he is entitled to it.[4] Accordingly, it is hereby

ORDERED that [93] Defendant's Motion to Compel Government to Provide Notice of Intent to Use Specified Evidence in its Case-in-Chief at Trial is GRANTED in part; it is

FURTHER ORDERED that, on or before March 31, 2006, the government shall identify, from the materials seized from Mr. Anderson's residence and place of business and stored at the Internal Revenue Service, those items it intends to offer in its case-in-chief at trial; and it is

FURTHER ORDERED that, on or before March 31, 2006, the government shall identify, from the materials produced directly to defendant, those items it intends to offer in its case-in-chief at trial.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 23, 2006

---

[4] The Proposed Order attached to defendant's motion calls upon the government to identify, under Rule 16(a)(1)(E), not only those items that the government intends to offer in evidence in its case-in-chief, but also any "that will be relied on or referred to by any witness called by the government to testify in its case-in-chief[.]" Other than a brief reference to this request in two footnotes, defendant's motion advances no argument directed specifically towards production of this information, and the Court will deny defendant's motion insofar as it seeks identification of such information.