UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
         v.                         )
                                    )        Criminal No. 05-0066 (PLF)
WALTER ANDERSON,                    )
                                    )
              Defendant.            )
_____)

OPINION AND ORDER

This matter is before the Court on defendant's motion for a bill of particulars.
The issue was briefed and argued before the Court on June 16, 2006.  Because the government
raised an issue at argument for the first time that had not been addressed in the briefs, the Court
asked the parties for supplemental briefs which have now been filed.  On consideration of the
arguments of the parties, the Court grants defendant's motion in part and denies it in part.

I.  BACKGROUND

Defendant's motion for a bill of particulars initially was quite expansive, but the
government provided most of the requested clarification and specification informally in meetings
with defense counsel after the motion was filed.  Defendant now seeks greater specificity from
the government only with respect to allegations of false statements in the first eleven counts of
the Superseding Indictment.  See Reply Memorandum in Support of Defendant's Motion for a
Bill of Particulars at 2 n.1.[1]

_____

[1]    These requests are expressed in Paragraphs E.3 and E.6 of defendant's original
motion for a bill of particulars.

### A.  False statements alleged in Count I (Paragraph E.3)

Count I of the Superseding Indictment charges Anderson with corruptly obstructing, impeding and impairing the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a).  Two of the allegations underlying this count are at issue.

Paragraph 24 of the Superseding Indictment alleges that:

> For the tax years 1992 through 1999, Anderson lied to his accountants about his ownership of G&A [Gold & Appel] and Iceberg.  As a result, the accountants prepared, and Anderson filed, false United States Individual Income Tax Returns for these years that falsely failed to include the net profits of G&A and Iceberg as income to Anderson.

Superseding Indictment ¶ 24.  Paragraph 27 alleges that:

> For tax years 1994 through 1999, Anderson lied to his accountants about his control over these foreign bank accounts [with Barclays Bank in Jersey, as described in paragraphs 25 and 26].  As a result, the accountants prepared, and Anderson filed, false United States Individual Income Tax Returns for those years that falsely omitted the Schedule B information relating to foreign bank accounts, and Anderson failed to file Forms TD-F with the United States Department of the Treasury, disclosing his interest and control in any of these foreign bank accounts.

Id. ¶ 27.

With respect to these paragraphs, defendant requests that the government "[d]escribe the alleged lies with particularity, including, but not limited to, substance (including what about the statements is false), dates, circumstances, and persons involved[.]" Defendant Walter Anderson's Motion for a Bill of Particulars ("Def. Mot.") ¶ E.3 at 9.

2

### B.  Other allegations of false statements (Paragraph E.6)

The defendant also seeks greater particularity with respect to numerous alleged false statements at issue in Counts I through XI of the Superseding Indictment and set forth specifically in paragraphs 29, 32, 33, 34, 38(d)(iii), 38(e), 39(f)(iii), 41(d)(iii), 43(d)(iii), 45(d)(iii), 47(f)(iii), 49(e)(iii), 51(f)(iii), 53(e)(iii), and 55(c)(iii).  Defendant requests that the government "[d]escribe each and every false, inconsistent, misleading, and/or fraudulent statement, representation, and/or misrepresentation alleged therein with particularity, including, but not limited to, substance (including what about the statements is false), dates, circumstances, and persons involved."  Def. Mot. ¶ E.6 at 9.

The allegations at issue in Paragraph E.6 fall into three categories: (1) allegations underlying the charge under 26 U.S.C. § 7212(a) (Count I) (¶¶ 29, 32, 33, and 34); (2) a single allegation underlying the 1995 tax evasion charge under 26 U.S.C. § 7201 (Count II) and pertaining to unreimbursed business deductions (¶ 38(e)); and (3) a set of more or less identical allegations underlying the charges of tax evasion and fraud in the first degree for the tax years 1995-1999 (Counts II-XI) (¶¶ 38(d)(iii), 39(f)(iii), 41(d)(iii), 43(d)(iii), 45(d)(iii), 47(f)(iii), 49(e)(iii), 51(f)(iii), 53(e)(iii), and 55(c)(iii)).

### 1.  Section 7212(a) Allegations (Count I)

The first group of allegations about which defendant seeks greater particularity underlie the charge of corruptly obstructing, impeding and impairing the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a) (Count I).  The allegations are as follows:

| Paragraph | Allegation |
|-----------|------------|
| 29 | During his 1998 IRS audit, "Anderson represented to accountant R.M. that the 1995 deductions he had claimed were for unreimbursed legal fees incurred in litigation. He failed to disclose to accountant R.M. that most of those legal fees had been reimbursed to Anderson in 1997. Anderson made these false and misleading representations well knowing that R.M. would repeat them to the IRS during his representation of Anderson in the audit." |
| 32 | "To fraudulently obtain a release from an IRS lien against this property [2012 Wyoming Ave., NW, which Anderson allegedly intended to sell], Anderson made false and misleading statements to his representatives, well knowing that they would repeat these same false and misleading statements to the IRS.  Specifically, in an attempt to mislead the IRS as to the value of its lien, Anderson falsely stated that G&A still held a mortgage on the Wyoming Avenue property." |
| 33 | "From on or about August 3, 1998, through on or about June 22, 2001, Anderson caused to be filed United States Corporate Income Tax Returns for TWCD [a corporate or trust entity created and controlled by Anderson] for the tax years 1997 through 2000, which returns contained false and inconsistent statements relating to the ownership of TWCD." |
| 34 | "From on or about October 19, 2000, through on or about October 15, 2001, Anderson caused to be filed United States Partnership Income Tax Returns for Red Tulip for the tax years 1999 and 2000, which returns contained false and inconsistent statements relating to the ownership of Red Tulip." |

2.  Tax Evasion 1995 (Count II)

Defendant also seeks clarification of Paragraph 38(e) of the Superseding

Indictment, part of the 1995 tax evasion charge under 26 U.S.C. § 7201 (Count II).  This

paragraph alleges that Anderson evaded his 1995 income tax by, *inter alia*, "making and causing

to be made a false and fraudulent statement to the IRS during the audit relating to the

unreimbursed business deductions he claimed on his 1995 Schedule A[.]"  Superseding

Indictment ¶ 38(e).

3.   Tax Evasion/Fraud in the First Degree (Count II-XI)

Paragraphs 38(d)(iii), 39(f)(iii), 41(d)(iii), 43(d)(iii), 45(d)(iii), 47(f)(iii), 49(e)(iii), 51(f)(iii), 53(e)(iii), and 55(c)(iii) set forth allegations underlying charges of tax evasion (Counts II-VI) (26 U.S.C. § 7201) and fraud in the first degree (Counts VII-XI) (D.C. Code § 22-3221(a)) for the tax years 1995, 1996, 1997, 1998, and 1999.  Each paragraph states that Anderson

> operat[ed] his business affairs in a manner designed to conceal his ownership and control of G&A and Iceberg during tax year [X], through various means, including but not limited to . . . making or causing to be made false and fraudulent statements regarding ownership and control of G&A and Iceberg.

The paragraphs in question correspond to the Counts, charges, and tax years as follows:

| Paragraph | Count | Charge | Tax Year |
|-----------|-------|--------|----------|
| 38(d)(iii) | II | Tax Evasion | 1995 |
| 39(f)(iii) | III | Tax Evasion | 1996 |
| 41(d)(iii) | IV | Tax Evasion | 1997 |
| 43(d)(iii) | V | Tax Evasion | 1998 |
| 45(d)(iii) | VI | Tax Evasion | 1999 |
| 47(f)(iii) | VII | Fraud in First Degree | 1995 |
| 49(e)(iii) | VIII | Fraud in First Degree | 1996 |
| 51(f)(iii) | IX | Fraud in First Degree | 1997 |
| 53(e)(iii) | X | Fraud in First Degree | 1998 |
| 55(c)(iii) | XI | Fraud in First Degree | 1999 |

## II.  DISCUSSION

Relying primarily upon this Court's opinion in <u>United States v. Trie</u>, 21 F. Supp. 2d 7, 21-22 (D.D.C. 1998), defendant advances several propositions in favor of requiring greater particularity:  (1) defendant is entitled to information as to "exactly what the false statements are [and] what about them is false"; (2) the government must set forth its allegations of fraud with the same specificity that would be required in a civil case under Rule 9(b) of the Federal Rules of Civil Procedure; it must provide the "date, time, and place of each false statement or concealment and the persons involved," <u>United States v. Rogers</u>, 617 F. Supp. 1024, 1029 (D.Colo. 1985); and (3) the open file discovery already provided by the government is no substitute for specification of the allegations in the indictment.  <u>United States v. Trie</u>, 21 F. Supp. 2d at 21 n.12.  <u>See</u> Memorandum in Support of Defendant Walter Anderson's Motion for a Bill of Particulars at 10.

In the government's initial response to defendant's motion, the government pointed to the voluminous discovery it already had provided, the fact that defendant has access to his own tax preparers and accountants, the fact that the government has told defense counsel the substance of what the false statements are, and the government's offer to make its summary agent available for an off-the-record interview one month prior to trial.  Government's Response to Defendant's Motion for a Bill of Particulars ("Govt's Response") at 6-7.  With respect to the allegations of false statements underlying the tax evasion charges, the government responded that "the primary false statements in this case are the filing of false income tax returns [sic] and/or amended returns for each of the years under penalties of perjury."  Govt's Response at 7.

At oral argument, the government made the additional argument that even if a defendant might be entitled to some greater particularity under <u>Trie</u> and other decisions in a case where the defendant is charged with perjury or making false statements under 18 U.S.C. § 1001, a defendant is not so entitled when the false statements alleged in the indictment are not elements of the offenses charged but are only among the means used to perpetrate other crimes charged in the indictment.  Because this argument was not addressed in either party's initial filings, the Court directed the parties to file supplemental briefs on the issue of whether a defendant charged with crimes like tax evasion, fraud and obstruction – as opposed to perjury or making false statements – is entitled to further specification of the false statements alleged as the manner and means used to commit the offenses.

"Under [Rule 7(f) of] the Federal Rules of Criminal Procedure, it is within the sound discretion of the court to determine whether a bill of particulars should be provided," and the Court should grant such motions when "necessary to prevent unfair surprise at trial."  <u>United States v. Espy</u>, 989 F. Supp. 17, 34 (D.D.C. 1987); <u>see</u> <u>United States v. Butler</u>, 822 F.2d 1191, 1192-93 (D.C. Cir. 1987); <u>United States v. Hsia</u>, 24 F. Supp. 2d 14, 30 (D.D.C. 1998).  The Court must strike a "prudent balance" between the legitimate interests of the government and those of the defendants.  <u>United States v. McFarlane</u>, 759 F. Supp. 1163, 1169 (W.D. Pa. 1991). A bill of particulars is not a discovery tool or a device for allowing the defense to preview the government's theories or evidence.  It properly includes clarification of the indictment, not the government's proof of its case.  <u>See</u> <u>United States v. Ramirez</u>, 54 F. Supp. 2d 25, 29 (D.D.C. 1999) (citing <u>United States v. Smith</u>, 341 F. Supp. 687, 690 (N.D. Ga. 1972)).

The Court agrees with the defendant that it is not a sufficient response to a motion for a bill of particulars to point to the voluminous discovery already provided or to a governmental open file policy.  See United States v. Trie, 21 F. Supp. 2d at 21 n. 12.  It also agrees that, in a criminal false statement case, it is insufficient for the government to tell defense counsel "the substance" of what the false statements are or to offer to make a particular witness available for interview prior to trial.  On the other hand, the Court rejects defendant's argument that in a false statement or fraud case, the government must sets forth its allegations of fraud with the same type of specificity that is required in a civil fraud case under Rule 9(b) of the Federal Rules of Civil Procedure; there is no comparable Federal Rule of Criminal Procedure.  Unlike some other courts, this Court does not believe that generally it is necessary to provide "date, time, and place of each false statement or concealment and the persons involved."  United States v. Rogers, 617 F. Supp. at 1029.  To the extent that the Court suggested otherwise in Trie, suffice it to say that Trie was a unique case because of the convoluted theory on which the defendant was indicted and the way in which the indictment was drafted.  See United States v. Trie, 21 F. Supp. 2d at 21 ("portions of the indictment are difficult to follow" and the false statement counts are "particularly enigmatic").  What the Court said there is not applicable here.

As for the argument made by the government at the motions hearing – that any requirement of greater particularity that a court might impose in a false statement or perjury case is not applicable in other contexts where the false statements are merely the manner and means underlying the charge – the Court rejects this argument.  The government was provided the opportunity to identity any case where a court has so held, but was unable to do so.  See Government's Response to Court's June 21, 2006 Order at 1.  Accordingly, this Court will apply

the same analysis with respect to the false statements referenced in the obstruction, tax evasion and fraud charges in this case as it would if the indictment had charged perjury or false statements.  In striking the proper balance between the government's legitimate interests and the interest of the defendant in being able adequately to prepare his defense and not suffering unfair surprise at trial, the Court concludes that Anderson is entitled to know precisely which allegedly false statements the government relies on in each paragraph, the way in which the government alleges them to be false, and when *approximately* they were allegedly made.  While defendant is not entitled to the precise date, time and place of each false statement, he should not have to guess which false statements he has to defend against while he prepares for trial.

Paragraphs 24 and 27 of the Superseding Indictment allege that Mr. Anderson lied to his own accountants about, respectively, his ownership of Gold & Appel and Iceberg and his ownership of bank accounts held by Barclay's in Jersey.  Defendant is entitled to know the content of his alleged misstatements, to whom they were made, and the context in (if not the exact date on) which they were made.

With respect to paragraphs 29 and 32, defendant is entitled to no greater particularity than the Superseding Indictment already provides.  Paragraph 29 is quite specific as to what statements allegedly made to defendant's accountant R.M. were false and misleading.  While paragraph 32 does not say to which of his representatives Mr. Anderson made false and misleading statements, it does clearly state what the single false and misleading statement was.  Paragraphs 33 and 34, by contrast, would require defendant to guess precisely what statements in his corporate tax returns for TWCD over a four-year period, and in his partnership tax returns for Red Tulip over a two-year period, were "false and inconsistent."  The government must provide

more.  And while paragraph 38(e) is considerably narrower – it refers to a single false and
fraudulent statement (rather than a multitude of such statements) made to the IRS during an audit
and states that the statement "relat[ed] to the unreimbursed business deductions he [defendant]
claims on his 1995 Schedule A" – it does not identify what the false and fraudulent statement
was.  Defendant also is entitled to this information.

Paragraphs 38(d)(iii), 39(f)(iii), 41(d)(iii), 43(d)(iii), 45(d)(iii), 47(f)(iii),
49(e)(iii), 51(f)(iii), 53(e)(iii), and 55(c)(iii) of the Superseding Indictment are all infirm and all
require greater particularity.  Each accuses Anderson of making or "causing to be made" false
and fraudulent statements (plural) regarding the ownership and control of G&A and Iceberg.  But
it does not say how many such statements were made; what they were; who made them (Mr.
Anderson or someone else) and, if someone else, who; how Mr. Anderson caused them to be
made; and what he said or caused another to say regarding the ownership and control of G&A or
Iceberg that was false (and how was it false).  Without this information, the defendant cannot
adequately prepare a defense for trial or evaluate a possible alternative disposition of this case.

### III.  CONCLUSION

For the reasons stated above, defendant is entitled to, and the government must
provide, greater particularity with regard to the following paragraphs of the Superseding
Indictment: (1) Paragraphs 24 and 27; (2) Paragraphs 33 and 34; (3) Paragraph 38(e); and

(4) Paragraphs 38(d)(iii), 39(f)(iii), 41(d)(iii), 43(d)(iii), 45(d)(iii), 47(f)(iii), 49(e)(iii), 51(f)(iii), 53(e)(iii), and 55(c)(iii).  The Court therefore grants defendant's motion for a bill of particulars with regard to these paragraphs, and denies it in all other respects.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  July 24, 2006