UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | Criminal No. 05-0066 (PLF) |
| WALTER ANDERSON, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

During the course of the sentencing hearing yesterday, the Court ruled that the 2001 edition of the United States Sentencing Guidelines applied because of the plain terms of the Rule 11(c)(1)(C) plea agreement and the colloquy with the defendant and his counsel at the plea proceedings. The Court ruled that the plea agreement and the plea colloquy constituted a waiver of the ex post facto argument made by defendant's counsel in her sentencing memorandum and at the sentencing hearing. The Guideline sentencing range therefore was 108 to 135 months, capped by the 120-month maximum agreed to in the Rule 11(c)(1)(C) plea agreement. Under Section 5G1.2 of the Guidelines, the sentences could be -- and were -- run consecutively on Counts 5 and 6 to achieve a sentence within the Guideline sentencing range, the statutory maximum on each of these two federal counts being 60 months.

The Court ruled in the alternative as follows: If the court of appeals were to disagree that the defendant waived his ex post facto argument in the plea agreement and at the plea proceedings, then he would be correct that the use of the 2001 edition of the Guidelines would violate the ex post facto clause of the Constitution. U.S.S.G. Section 1B1.11(a) and

(b)(1). See, e.g., Lynce v. Mathis, 519 U.S. 433, 441 (1997); Miller v. Florida, 482 U.S. 423, 430 (1987); United States v. Kwang-Wan, 924 F.2d 298, 304 (D.C. Cir. 1991). In such case, the 2000 edition of the Guidelines would apply, as the Court indicated, and the defendant's Guideline sentencing range then would be 57 to 71 months, rather than 108 to 120 months. In announcing its legal conclusions, the Court noted that it nevertheless could impose a sentence of more than 71 months if it varied above the Guideline range by finding aggravating factors under 18 U.S.C. § 3553(a).

When the Court actually imposed sentence at the end of the sentencing hearing -- a sentence within the Guideline sentencing range under the 2001 edition of the Guidelines -- the Court also explained those factors under 18 U.S.C. § 3553(a) that led it to impose a sentence of 60 months on Count 5 and 48 months on Count 6, those sentences to run consecutively, for a total of 108 months. It was at least implicit that, for the reasons stated, the Court would have imposed the same sentence, even if the 2000 edition of the Guidelines were applicable, by varying upward under Booker and the Section 3553(a) factors. The Court now makes it explicit that it would have imposed the same sentence -- a total of 108 months -- regardless of which edition of the advisory Guidelines it applied because after consideration of all factors under Section 3553(a) that sentence is the one that is "sufficient but not greater than necessary." 18 U.S.C. § 3553(a).

At the very end of the sentencing proceeding, the Court indicated that its sentence on Count 11, the District of Columbia Code offense, fraud in the first degree under 22 D.C. Code § 3221(a), would be four years under the determinate sentencing regime now in place under the District of Columbia Code. That sentence was to run concurrently with the Court's sentences on

the federal counts.  The Court explained why it was not following the D.C. Voluntary Sentencing Guidelines, which are entirely voluntary and permit a judge to impose any sentence of imprisonment up to 80 percent of the maximum statutory sentence, in this case 80 percent of ten years, or eight years.  Discussing Chapter 5 of the D.C. Voluntary Sentencing Guidelines, the Court indicated that because the amount of loss resulting from defendant's conduct was "substantially greater than what normally would be associated with the offense," D.C. Guidelines § 5.2.2(8) and because the defendant's conduct was "substantially premeditated" and involved a "high degree of planning [and] sophistication," D.C. Guidelines § 5.2.2(4), a Guideline sentence was not appropriate in this case.  Rather, a statutory sentence substantially in excess of the Guidelines was.  The Court announced that it had settled on a four-year sentence, that sentence to run concurrently with the sentences imposed on the federal charges.  In retrospect, the Court thinks it more consistent with its overall sentence and the seriousness of the D.C. Code offense in this case, for the reasons stated in open court, to impose a sentence of eight years rather than four years for the D.C. Code violation.  The Court's Judgment and Commitment in this case, to be entered today, therefore will reflect an eight-year sentence for the D.C. Code offense, to run concurrently with the federal sentences.  The overall period of incarceration of 108 months will remain the same.

       SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE:  March 28, 2007       United States District Judge