UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) ) | Criminal No. 05-0066 (PLF) |
| WALTER ANDERSON, | ) ) ) | |
| Defendant. | ) ) | |

OPINION AND ORDER

This matter is before the Court on the government's motion pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure to "correct clear error" by the Court with respect to the sentence imposed on the defendant. Upon consideration of the motion, the opposition, the reply, the entire record in this case, and the relevant statutes and case law, the Court will deny the motion.[1]

---

[1] The various briefs and memoranda on which the Court relied in deciding this matter at sentencing and to which it refers in this Opinion and Order include:

• Government's Memorandum in Aid of Sentencing ("Gov't Mem."), filed on March 2, 2007, Docket No. 149;
• Defendant's Memorandum in Aid of Sentencing ("Def. Mem."), filed on March 2, 2007, Docket No. 150;
• (Defendant's) Reply to the Government's Memorandum in Aid of Sentencing ("Def. Reply"), filed on March 12, 2007, Docket No. 154;
• Government's Supplemental Memorandum in Aid of Sentencing, filed on March 12, 2007, Docket No. 155;
• Government's Response to Defendant's Sentencing Memorandum ("Gov't Resp."), filed on March 12, 2007, Docket No. 156;
• Government's Memorandum of Law Regarding Restitution ("Gov't Mem. Rest."), filed on March 26, 2007, Docket No. 160;
• Defendant's Reply to the Government's Memorandum of Law Regarding Restitution, filed on March 27, 2007, Docket No. 161;

I. BACKGROUND

On September 8, 2006, defendant Walter Anderson pled guilty to Counts 5, 6, and 11 of the Superseding Indictment under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Counts 5 and 6 alleged, respectively, that Mr. Anderson evaded federal taxes on income earned in 1998 and 1999, in violation of 26 U.S.C. § 7201. See Superseding Indictment ¶¶ 42-45. Count 11 alleged that he defrauded the District of Columbia by failing to report or pay taxes on his 1999 income, in violation of 22 D.C.C. § 3221(a). See id. ¶¶ 54-55. The plea agreement into which Mr. Anderson entered provided, in relevant part, the following:

> 2. **Penalties and assessments:** Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Mr. Anderson agree that the maximum term of imprisonment will be ten years. . . .
>
> * * *
>
> 4. **Restitution:** Mr. Anderson agrees that the court may order restitution pursuant to 18 U.S.C. § 3572 and 16 D.C. Code § 711.

Plea Agreement ("Plea") ¶¶ 2, 4. There was no provision for supervised release in the plea agreement.

In the two sentencing memoranda submitted by the government in advance of the sentencing hearing, it argued that the Court should order federal restitution as a condition of supervised release. See Gov't Mem. at 19; Gov't Resp. at 12-16. In the two sentencing memoranda submitted by the defendant in advance of the hearing, he argued that the Mandatory

---

- Government's Motion to Correct Clear Error By the Court Pursuant to Federal Rule of Criminal Procedure 35(a) ("Gov't Mot. to Correct"), filed on March 30, 2007, Docket No. 169; and
- Defendant's Opposition to Government's Motion to "Correct Clear Error" ("Def. Opp. to Mot. to Correct"), filed on April 3, 2007, Docket No. 171.

Victim Restitution Act, 18 U.S.C. § 3663A, does not directly apply to his Title 26 offenses in Counts 5 and 6; that the Court need not impose restitution where the IRS's civil collection process would duplicate the Court's restitution determination; that the calculation of the tax loss for purposes of restitution should be limited to the counts of conviction; and that an alternate theory of taxation would result in a significantly lower amount of loss. See Def. Mem. at 56-58; Def. Reply at 13-15.

The Court held a sentencing hearing on March 19, 20, 23, and 27, 2007. The government presented evidence by three expert witnesses concerning the amount of income received by Mr. Anderson during 1998 (Count 5) and 1999 (Count 6), and the calculation of taxes not paid to the United States and the District of Columbia governments. The government's experts testified that in 1998 and 1999 Mr. Anderson failed to report $365,484,654 in income on his federal and D.C. tax returns. According to those experts, the total amount of unpaid federal taxes for 1998 and 1999 was $140,587,613. The government's experts further testified that Mr. Anderson defrauded the D.C. government of taxes during 1999 (Count 11) in the amount of $22,809,032. The defendant presented evidence through his own expert witness as to the amount of tax loss under a different theory of tax assessment that led to a significantly lower tax liability, calculating his unpaid federal tax liability for 1998 and 1999 at a total of $73,407,227. The focus of the testimony throughout the hearing, by both the government and defense experts, was on the amount of loss suffered by the United States and by the District of Columbia.

On the third day of the sentencing hearing -- March 23, 2007 -- and after all the expert testimony had concluded, counsel for the defendant argued orally to the Court that because the binding Rule 11(c)(1)(C) plea agreement did not expressly provide for supervised release,

supervised release could not be imposed; it followed that restitution on the federal counts therefore was not available as a condition of supervised release. The Court adjourned the hearing, permitting the parties to submit additional briefs on the new issue raised by the defendant concerning the Court's authority to order supervised release and restitution as a condition of that supervised release. The government submitted a brief on March 26, 2007 in response to the defendant's argument, no longer seeking restitution as a condition of supervised release. Gov't Mem. Rest. at 2. In that brief, the government argued that the Court nevertheless could order restitution based on a provision of the Victim and Witness Protection Act, 18 U.S.C. § 3663(a)(3), that provides that a court may order restitution "in any criminal case to the extent agreed to by the parties in a plea agreement," and the terms of paragraph 4 of the defendant's plea agreement, independent of any provision in the plea agreement for supervised release (or lack thereof). Id. The defendant submitted a brief in opposition to the government's new theory of federal restitution on the morning of March 27, 2007. The Court heard oral argument on the restitution issue that same day.

After considering the parties' arguments, the record in the case, and the relevant statutes and case law, the Court imposed sentence on the afternoon of March 27, 2007. It ordered restitution under 22 D.C. Code § 611 in the amount of $22,809,032 for the fraud against the District of Columbia government to which Mr. Anderson pled guilty in Count 11 of the Superseding Indictment. The Court concluded, however, that it had no authority to order restitution for the federal tax evasion counts to which the defendant pled in Counts 5 and 6.[2]

---

[2] The Court also orally imposed a sentence of imprisonment of 108 months on Counts 5 and 6, and four years on Count 11, to run concurrently. Before signing the Judgment and Commitment, the Court revised the sentence imposed on Count 11 to make it an eight year

## II.  DISCUSSION

Rule 35(a) of the Federal Rules of Criminal Procedure states that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  FED. R. CRIM. P. 35(a).[3]  The government argues that the Court committed clear error during sentencing when it did not impose restitution for the two federal tax evasion counts to which the defendant pled guilty, Counts 5 and 6 of the Superseding Indictment.  Gov't Mot. to Correct at 2-3.  The defendant responds that (1) Rule 35(a) does not give the Court the authority to amend its sentence except under very limited circumstances, circumstances that do not apply to this case, and (2) the Court has no authority to impose restitution in this case under 18 U.S.C. § 3663(a)(3) or any other arguably relevant statute or under the terms of the Rule 11(c)(1)(C) plea agreement.  Def. Opp. to Mot. to Correct at 1-3.

The Court agrees with the defendant that the Court's authority to "correct a sentence" pursuant to Rule 35(a) is restricted to circumstances not present in this case.[4]

---

concurrent sentence.  The authority of the Court to do so is the subject of a motion to vacate by the defendant, addressed in a separate Memorandum Opinion and Order issued this same day.

[3]   As discussed in the separate Memorandum Opinion and Order issued this same day, as used in Rule 35, "sentencing" means "the oral announcement of the sentence."  FED. R. CRIM. P. 35(c).

[4]   There is a procedural wrinkle that, in view of its decision on the merits, the Court need not address.  Rule 35(a) on its face does not provide a time limit for when a motion must be filed, but a time limit within which the Court must act.  The circuits are split on how to deal with this language.  Compare United States v. Barragan-Mendoza, 174 F.3d 1024, 1030 (9th Cir. 1999) (timely motion filed pursuant to Rule 35(c) [the predecessor to Rule 35(a)] does not give jurisdiction to court for so long as it takes to dispose of motion because court itself is required to act within the prescribed time limit by plain language of the Rule); United States v. Morillo, 8 F.3d 864, 869 (1st Cir. 1993) (same); United States v. Turner, 998 F.2d 534, 536 (7th Cir. 1993) (same) with United States v. Carmouche, 138 F.3d 1014, 1016 (5th Cir. 1998) (holding that

Furthermore, for the reasons stated in open court on March 27, 2007, and as further explained below, the Court concludes that it has no legal authority to order restitution for the tax loss on the federal counts in this case.

### A. Rule 35(a) of the Federal Rules of Criminal Procedure

With a few enumerated exceptions in which the Court may modify or correct a sentence, "a judgment of conviction that includes [] a sentence [to imprisonment] constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b). One of those exceptions is the Court's authority to "correct" the sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. See 18 U.S.C. § 3582(b)(2). And Rule 35 permits the Court to correct a sentence within seven days if the sentence resulted from "arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a).[5]

In recommending to the Supreme Court the adoption of the provision currently located in Rule 35(a) of the Federal Rules of Criminal Procedure (and formerly located at Rule 35(c)), the Advisory Committee stated:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of

---

timely filing of Rule 35(c) [predecessor to Rule 35(a)] motion renders otherwise final order of district court nonfinal until disposition of that motion); United States v. Corey, 999 F.2d 493, 496 (10th Cir. 1993) (same). See also United States v. Abreu-Cabrera, 64 F.3d 67, 73 (2d Cir. 1995) (holding that time limit in Rule 35(c) [predecessor to Rule 35(a)] is jurisdictional); United States v. Lopez, 26 F.3d 512, 519 n.8 (5th Cir. 1994) (same); United States v. Fahm, 13 F.3d 447, 453 (1st Cir. 1994) (same).

[5]     The Court discusses further its authority to modify a sentence in the Memorandum Opinion and Order on defendant's motion to vacate issued this same day.

> the case to the trial court . . . The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.  Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

FED. R. CRIM. P. 35 advisory committee's note to 1991 Amendments.  This Rule is intended only to "provide[] an efficient and prompt method for correcting obvious technical errors that are called to the court's attention *immediately after* sentencing."  Id. (emphasis added).  It was adopted in response to the recommendation of the Federal Courts Study Committee that the Rules "recognize explicitly the ability of the sentencing court to correct a sentence . . . if [arithmetical, technical or other clear] error is discovered *shortly after* the sentence is imposed."  Id. (emphasis added).

In this case, the government asks the Court essentially to reconsider its sentence based on an issue that was raised, briefed and argued by the parties prior to the imposition of the sentence simply because the government disagrees with the Court's decision on that issue.  This is exactly the sort of reconsideration that Rule 35(a) is not intended to permit.  See United States v. Barragan-Mendoza, 174 F.3d at 1028; United States v. Abreu-Cabrera, 64 F.3d at 72; United States v. Werber, 51 F.3d 342, 346-47 (2d Cir. 1995).  The proper forum in which the government now must raise issues related to the Court's authority to impose restitution is on appeal of the sentence to the court of appeals.

### B.  Federal Restitution

Even were a motion pursuant to Rule 35(a) appropriate under the circumstances presented here, no "clear error" exists with respect to the Court's decision not to order restitution

7

for the federal tax evasion counts. The Court did not have the authority to order such restitution under either of the two theories of restitution advanced by the government in the course of Mr. Anderson's sentencing.

"'Federal courts have no inherent power to order restitution. Such authority must be conferred by Congress through statute.'" United States v. Gottesman, 122 F.3d 150, 151 (2d Cir. 1997) (quoting United States v. Helmsley, 941 F.2d 71, 101 (2d Cir. 1991)); see also United States v. Wells, 177 F.3d 603, 608 (7th Cir. 1999). As the defendant correctly pointed out in his initial sentencing brief, the Title 26 tax offenses to which Mr. Anderson pled guilty in Counts 5 and 6 of the Superseding Indictment are not among those enumerated in either of the two federal criminal restitution statutes: the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663, or the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A. See 18 U.S.C. § 3663(a)(1)(A) (setting forth those offenses to which the VWPA applies, i.e., all offenses under Title 18, certain sections of Title 21, and certain sections of Title 49); 18 U.S.C. § 3663A(c)(1)(A) (setting forth those offenses to which the MVRA applies, i.e., crimes of violence, offenses against property under Title 18 or under 21 U.S.C. § 856(a) (a provision of the Controlled Substances Act), including any offense committed by fraud or deceit, and tampering with consumer products under 18 U.S.C. § 1365); see also Def. Mem. at 56-58. The government, therefore, advanced two separate theories during sentencing under which it argued that the Court could order restitution in this case.

1. Restitution As a Condition of Supervised Release

Restitution may be ordered as a condition of supervised release in the following way. Under 18 U.S.C. § 3583, the Court may (and is sometimes required) to give the defendant

a term of supervised release, and it is authorized to set the length and conditions of that term. The Court has authority to set, *inter alia*, certain conditions of supervised release that are enumerated "in section 3563(b)(1) through (b)(10) . . ." 18 U.S.C. § 3583(d); see also id. (granting sentencing court broad discretion in a catch-all provision to set "any other condition [of supervised release] it considers to be appropriate"). Section 3563(b)(2) provides:

> The court may provide as [a] further condition[] of a sentence of probation, to the extent that such [a] condition[] [is] reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2), that the defendant -- make restitution to a victim of the offense under section 3556 (*but not subject to the limitation of section 3663(a) or 3663A(c)(1)(A)*).

18 U.S.C. § 3563(b)(2) (emphasis added). In other words, when restitution is imposed as a condition of probation or supervised release, the limitations to certain statutory offenses in the VWPA (18 U.S.C. § 3663) and the MVRA (18 U.S.C. § 3663A) do not apply.

The effect of this statutory scheme is that the Court could have entered an order of restitution even where the specific offense of which the defendant was convicted is not enumerated in either the VWPA or the MVRA -- so long as it did so as a condition of supervised release. See, e.g., United States v. Frith, 461 F.3d 914, 919 (7th Cir. 2006) (district court has "discretionary authority to order restitution as a condition of supervised release for a crime not specifically covered by either § 3663 *or* § 3663A") (emphasis in original); United States v. Butler, 297 F.3d 505, 518 (6th Cir. 2002) (district court has authority to order restitution for Title 26 tax evasion offenses as a condition of supervised release); United States v. Bok, 156 F.3d 157, 167 (2d Cir. 1998) (district court may order restitution as a condition of supervised release "where restitution would be available under § 3663(a) but for the fact that the offense is not

within the category of offenses listed in the statute") (citing U.S.S.G. § 5E1.1(a)(2) (1997)).  A restitution order entered as a condition of supervised release is "subject to the same rules and procedures that govern all other restitution orders" under 18 U.S.C. § 3664.  United States v. Frith, 461 F.3d at 919-20; see also 18 U.S.C. § 3556.  It obviously follows that the court may *not* order any condition of supervised release, including restitution, if it cannot order supervised release at all.

Mr. Anderson and the government entered into a binding Rule 11(c)(1)(C) plea agreement.  See Plea ¶ 1.  Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure provides in relevant part that the attorney for the government and the attorney for the defendant may "agree that a specific sentence or sentencing range is the appropriate disposition of the case" and that "such a recommendation or request binds the court once the court accepts the plea agreement."  FED. R. CRIM. P. 11(c)(1)(C).  In United States v. Ginyard, 215 F.3d 83 (D.C. Cir. 2000), the D.C. Circuit concluded that "if supervised release is not specified as part of the sentence in a Rule 11(e)(1)(C) [now Rule 11(c)(1)(C)] plea agreement, it cannot be imposed."  Id. at 87.  The reason, as the court of appeals explained, is that supervised release is a form of punishment contemplated by the Rule, just as imprisonment is, and it therefore must be part of the agreed-upon "sentence" within the meaning of Rule 11(c)(1)(C).  See id.; see also United States v. Gilchrist, 130 F.3d 1131, 1133-34 (3d Cir. 1997) (district court's imposition of supervised release where Rule 11(e)(1)(C) plea agreement was silent on the matter was more punishment than agreed to by the parties in the plea agreement and therefore constituted a breach of that plea agreement).

Unlike most plea agreements, Mr. Anderson's plea agreement did not provide for supervised release; it was silent on the matter.  It stated only that "[p]ursuant to Fed. R. Crim. P.

11(c)(1)(C), the United States and Mr. Anderson agree that the maximum term of imprisonment will be ten years." Plea ¶ 1. In view of the D.C. Circuit's holding in Ginyard, this Court did not have the authority to authorize additional punishment in the form of supervised release. The government apparently agreed with this assessment because it abandoned its argument for restitution as a condition of supervised release after the defendant raised the Rule 11(c)(1)(C)/Ginyard issue on March 23, 2007. In its March 26, 2007 sentencing memorandum, in its oral argument on March 27, 2007, and in the motion currently before the Court, the government dropped its request for supervised release altogether and for restitution as a condition of supervised release. Instead, the government argued (and now argues) that federal restitution may be ordered pursuant to the defendant's alleged agreement to pay restitution in his plea agreement. See Gov't Mem. Rest. at 2; Gov't Mot. to Correct, generally.

2. Restitution Pursuant to the Plea Agreement

In its March 26, 2007 supplemental sentencing memorandum, the government argued that the Court still had legal authority to order restitution pursuant to the terms of the defendant's plea agreement under a provision of the VWPA which states that "[t]he court may . . . order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3). Compare 18 U.S.C. § 3663A(a)(3) (MVRA provision stating that "[t]he court shall also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense.").[6] The government argued at the March 27

---

[6] A restitution order entered pursuant to a plea agreement under 18 U.S.C. § 3663(a)(3) is subject to the same rules and procedures of 18 U.S.C. § 3664 as one entered under other sections of the VWPA, the MVRA, or as a condition of supervised release. See 18 U.S.C. § 3663(d) ("An order of restitution made pursuant to this section shall be issued and enforced in accordance with section 3664."); see also United States v. Guthrie, 64 F.3d 1510,

sentencing hearing that the "plain language of the plea agreement" -- specifically, paragraph 4, captioned "Restitution" -- "couldn't be more clear," and its use of the term "restitution" demonstrated a "meeting of the minds," an agreement by the parties that the Court had the authority to order restitution.  Transcript of March 27, 2007 Sentencing Hearing ("3/27/07 Tr.") at 543:25-544:6; see id. at 547:4-5 ("And the defendant very clearly agreed that you may order restitution.  We put it in your hands.  It was your discretion. (sic)").

  "Plea agreements are contracts, and must be interpreted according to principles of contract law. . . .  To be valid, a plea agreement must encompass 'a meeting of the minds on all of its essential terms.'"  United States v. Randle, 324 F.3d 550, 558-59 (7th Cir. 2003) (citation and quotations omitted); see also Santobello v. New York, 404 U.S. 257, 262 (1971) (applying contract analysis to plea agreement); United States v. Ginyard, 215 F.3d at 86-88 (same); United States v. Gottesman, 122 F.3d at 152 (same).  Furthermore, "[a]s with any contract in which the drafting party has an overwhelmingly superior bargaining position, plea agreements are construed strictly against the government." United States v. Gottesman, 122 F.3d at 152 (citing United States v. Ready, 82 F.3d 551, 559 (2d Cir. 1996)); see also United States v. Debreczeny, 69 Fed. Appx. 702, 708 (6th Cir. 2003) (government held to higher standard "because of its role as the drafter of the plea agreement and because it is seen as possessing the upper hand and expertise in the bargaining process"); United States v. Phillips, 174 F.3d 1074, 1077 (9th Cir. 1999) (any ambiguity in plea agreement must be construed against the government).

  The particular provision in the VWPA under which the government now argues that the Court has authority to order restitution on Counts 5 and 6 -- 18 U.S.C. § 3663(a)(3) --was

---

1515-16 (10th Cir. 1995).

added by Congress in 1990 in response to the Supreme Court's decision in <u>Hughey v. United States</u>, 495 U.S. 411 (1990). The Supreme Court in <u>Hughey</u> construed the VWPA as authorizing restitution only for the amount of loss directly related to the offenses of which the defendant was convicted and none other. <u>Id</u>. at 416, 418, 420 ("the loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order"). Section 3663(a)(3) was added to the VWPA to permit the parties to contract around the limitations that otherwise would apply to an order of restitution. <u>See</u> Crime Control Act of 1990, Pub. L. No. 101-647, § 2509, 104 Stat. 4789, 4863. As the Second Circuit explained the amendment:

> Section 3663(a)(3) is straightforward: "court[s] may also order restitution in any criminal case *to the extent agreed to* by the parties in the plea agreement." 18 U.S.C. § 3663(a)(3) (emphasis added). Two consequences flow from this language. First, the court can order restitution only in an amount not to exceed that agreed upon by the parties. Second, a court can order restitution only if the parties agreed that a *court* may do so.

<u>United States v. Gottesman</u>, 122 F.3d at 152 (citations omitted) (emphasis in original).

Under Section 3663(a)(3), a defendant now expressly may agree as part of a plea agreement, for example, to pay restitution for losses that are not related to the counts of conviction. <u>See</u> <u>United States v. Silkowski</u> 32 F.3d 682, 689 (2d Cir. 1994); <u>United States v. Thompson</u>, 39 F.2d 1103, 1105 (10th Cir. 1994); <u>United States v. Soderling</u>, 970 F.2d 529, 533 (9th Cir. 1992). The defendant also may agree to pay restitution for losses related to offenses that are not specifically enumerated in the VWPA or the MVRA (such as the Title 26 offenses to which the defendant pled guilty in this case). <u>See</u> <u>United States v. Guthrie</u>, 64 F.3d at 1514; <u>United States v. Soderling</u>, 970 F.2d at 534. Under Section 3663(a)(3), she or he may agree to a specific dollar amount of restitution, without any factfinding being undertaken or facts being found by the sentencing court (or post-<u>Booker</u>, perhaps by a jury). <u>See</u> <u>United States v. Wells</u>,

13

177 F.3d at 608-09; United States v. Allison, 59 F.3d 43, 47 (6th Cir. 1995); compare United States v. Stout, 32 F.3d 901, 904-05 (5th Cir. 1994) (where defendant never promised in plea agreement to pay particular amount of restitution, Section 3663(a)(3) does not authorize restitution).

In this case, the plea agreement provided for none of these things. It stated only that the defendant agreed that the Court "may order restitution *pursuant to 18 U.S.C. § 3572* and 16 D.C. Code § 711." Plea ¶ 4 (emphasis added). The Court's authority to order restitution is clearly constrained by the limiting phrase in this provision, citing to particular statutes. But the federal statute cited is not a restitution statute; it is a fine statute that, by its terms, does not authorize restitution.[7] The government argued at sentencing that the erroneous citation to the fine statute in the Rule 11(c)(1)(C) plea agreement was "a typo" and not "something that the court should be getting wrapped up about." 3/27/07 Tr. at 543:22-24. See also Gov't Mot. to Correct at 3-4 (characterizing the citation to 18 U.S.C. § 3572 as "a typographical error"). In the government's opinion, the reference to 18 U.S.C. § 3572 was "surplusage" and "descriptive," but "not limiting." 3/27/07 Tr. at 543:24-25. The Court disagreed with the government then as it does now. In this case, there are no obvious typos, such as a misstated mandatory minimum or a one-letter error, or internally conflicting language that must be reconciled under the binding Rule 11(c)(1)(C) plea agreement. The plea agreement did not even list a statute that was a single letter

---

[7]   18 U.S.C. § 3572 does not refer to restitution, except insofar as it provides that the amount of restitution ordered should be considered in ordering a fine and determining its amount, and as it provides certain procedural rules that apply to the payment of either a fine or restitution, once ordered, such as the timing and method of payments and the definition of delinquency and default. It is not a statute that itself authorizes an order of restitution. See 18 U.S.C. § 3572(a)(4) and (d). See also 18 U.S.C. § 3572(b) ("the court shall impose a fine or other monetary penalty only to the extent that such fine or penalty will not impair the ability of the defendant to make restitution.").

or digit away from the proper one, permitting an inference that there was indeed a typo rather than a failure of the parties to agree.  By its citation to the incorrect statute, the government limited any authority the Court might otherwise have had to impose restitution.  Because the Court is bound under 18 U.S.C. § 3663(a)(3) to order restitution only "to the extent agreed to" by the parties, its authority was limited to ordering restitution under a statute that does not authorize restitution.

Because plea agreements are contracts, the Court cannot simply ignore the language of a plea agreement, particularly a Rule 11(c)(1)(C) agreement.  It is bound by the language of the agreement as drafted by the government and agreed to by the parties.  See United States v. Gottesman, 122 F.3d at 152 (there is a "need for precise language in § 3663(a)(3) cases [that] is driven by the policy that plea agreements, like contracts, are instruments used to protect the rights and expectations of parties.").  To ignore the limiting phrase "pursuant to 18 U.S.C. § 3572" in paragraph 4, the provision on restitution, would not only violate the limitation on the Court's authority under 18 U.S.C. § 3663(a)(3) to order restitution only "to the extent agreed to by the parties," but it also would constitute an impermissible judicial modification of the binding Rule 11(c)(1)(C) plea agreement.  The Court is not free to read something into a contract that is not there or to interpret uncertain language in the government's favor.  See United States v. Randle, 324 F.3d at 558 (court must "rely on what the parties have included in their written contract, avoiding the need to engage in close interpretive questions of ambiguous discussions"); United States v. Randolph, 230 F.3d 243, 248 (6th Cir. 2000) ("any ambiguities in the language of a plea agreement must be construed against the government); United States v. De la Fuente, 8 F.3d 1133, 1338 (9th Cir. 1993) ("the government ordinarily must bear responsibility for any

15

lack of clarity"). The plea agreement is a contract, and each party to the contract is entitled to the benefit of its bargain.

In its motion to "correct clear error," the government also advances an entirely new interpretation of the plea agreement, now arguing that the use of the language in paragraph 4 of the plea agreement "the court may order restitution" pursuant to 18 U.S.C. § 3572 evinces an unequivocal agreement by the defendant to "the court's imposition of restitution in an amount deemed appropriate by the Court." Gov't Mot. to Correct at 2; see id. at 3-4. But see Mar. 27, 2007 Tr. at 541:19-22 ("Your Honor, the 11C1(c) plea specifically says, Mr. Anderson agrees that the court may order restitution. And I would submit to this court that the operative word in that plea agreement is *may*.") (statement of the prosecutor) (emphasis added); see id. at 542:7-10 ("I would submit that the unequivocal statement in the plea agreement, number 4 in bold letters it says 'restitution.' 'Mr. Anderson agrees that the court may order -- may order -- restitution.' *May. Permissive.*") (statement of the prosecutor) (emphasis added).

The language in the plea agreement on which the government relies is not an unequivocal statement that the defendant agrees to pay restitution or to pay a particular amount of restitution. Rather, the plea agreement contains an equivocal and ambiguous statement that restitution "may" be ordered by the Court pursuant to one (irrelevant) federal statute and one District of Columbia statute. Had the government during plea discussions intended to propose an unequivocal agreement that restitution would be paid by the defendant (and not merely that it might be ordered), it could have drafted the plea agreement with an explicit provision stating that the defendant agreed to pay restitution in a particular amount or on the tax liability as determined by the Court with respect to specific counts. See United States v. Wells, 177 F.3d at 608-09 (upholding restitution order pursuant to 18 U.S.C. § 3663(a)(3) where plea agreement stated that

16

defendant agreed to pay restitution up to a certain amount); United States v. Allison, 59 F.3d at 47 (upholding restitution order where plea agreement stated that defendant agreed to pay restitution in amount determined by the court so long as it did not exceed a stated amount). Compare United States v. Gottesman, 122 F.3d at 152 (plea agreement stating that defendant "will pay past taxes due and owing . . . on such terms and conditions as will be agreed upon between [defendant] and the IRS" did *not* authorize court to order restitution); United States v. Stout, 32 F.3d at 904 (plea agreement stating that defendant agreed "to resolve" his tax liability did not empower court to order restitution). Construing the plea agreement strictly against the government, as it must, the Court cannot now interpret it to mean that the defendant in this binding Rule 11(c)(1)(C) plea agreement necessarily agreed to pay restitution.

   The government argues that paragraph 4 of the plea agreement, with its use of the permissive word "may," not only was an unequivocal agreement by the defendant that he *would* pay restitution but also an agreement by him to leave the determination of the amount of the restitution to be paid entirely to the Court: "A plea agreement pursuant to Section 3663(a)(3) need not specify the exact amount of restitution. It is permissible, as the parties agreed here, to allow the Court to determine the amount to be paid." Gov't Mem. Rest. at 2. The government cites only two cases in support of this proposition -- United States v. Peterson, 268 F.3d 533, 535 (7th Cir. 2001), and United States v. Silkowski, 32 F.3d 682, 689 (2d Cir. 1994). Peterson, however, did not involve restitution under 18 U.S.C. § 3663(a)(3) at all, but under a differently worded and quite specific provision of a different statute, the MVRA. See 18 U.S.C. § 3666A(a)(3). As for Silkowski, the plea agreement in that case stated quite clearly that the defendant "agrees to make full restitution to the Social Security Administration for the full amount of the loss suffered by the Social Security Administration, said amount of restitution and

17

loss to be determined by the Court." United States v. Silkowski, 32 F.3d at 685.  Thus, there was an express agreement that the defendant *would* pay restitution and an agreement that he pay restitution for the "full amount of the loss" suffered by a particular named victim.  All that was left for the court to do was to calculate the amount of restitution, which the agreement expressly authorized it to do.

While this Court does not necessarily agree with the decision or legal analysis in Silkowski, at least the language of the plea agreement in that case itself was precise, the limitations on the amount of restitution that could be ordered were clear, and the court's role was both expressly spelled out in the agreement and limited.  In this case, by contrast, even if paragraph 4 of the plea agreement had been an agreement by the defendant that he *would* pay restitution, and even if it had cited to 18 U.S.C. § 3663(a)(3) instead of to 18 U.S.C. § 3572, there still would be no unambiguous meeting of the minds as to what was agreed.  Under 18 U.S.C. § 3663(a)(3), the Court has the authority to order restitution pursuant to a plea agreement only "to the extent agreed to by the parties."  The phrase in Section 3663(a)(3) "to the extent agreed to by the parties" must have meaning, and there is significance to the use of the word "agreed."  For there to be an agreement, there must be a meeting of the minds on all essential terms, a mutual understanding that the defendant would pay restitution and in what amount or, at the very least, how the amount of restitution would be determined, as there was in Silkowski.  As the Seventh Circuit has said:  "To be valid, a plea agreement must encompass a meeting of the minds on *all of its essential terms*.'"  United States v. Randle, 324 F.3d at 557-58 (quoting United States v. Barnes, 83 F.3d 934, 938 (7th Cir. 1996) (emphasis added)).  There simply was no such agreement here.

The colloquy with the defendant and counsel at the time the Court took the plea on September 8, 2006 similarly provides no support for the government's argument that the defendant agreed to pay restitution.  Rather, it contains a series of statements by counsel that make clear that restitution was not a mandatory, agreed-upon part of the defendant's sentence, but was a determination left to the Court pursuant to any authority it had been given by the parties under the Rule 11(c)(1)(C) plea agreement.  <u>See</u> Transcript of September 8, 2006 Plea Hearing ("9/8/06 Tr.") at 6:8-9 ("[Government counsel:]  The only other thing I'd ask, that the government is also *free to ask for restitution*.") (emphasis added); 16:11-14 ("The Court: There's an agreement on the amount of loss.  Is there an agreement of the amount of restitution?  [Defense counsel:]  No.  The government is free to seek restitution under the plea agreement, and we're free to propose alternatives or other suggestions to the Court.").  <u>Compare</u> these exchanges with the plea colloquies in <u>United States v. Wells</u>, 177 F.3d at 609, and <u>United States v. Guthrie</u>, 64 F.3d at 1515.

Because restitution was not available in this case as an enumerated offense under either the VWPA or the MVRA, or as a condition of supervised release, it was available only to the extent that the Court retained the legal authority to order it under the plea agreement and "to the extent agreed to by the parties."  18 U.S.C. § 3663(a)(3).  The Court has read all of the cases cited by the government and has considered all of the arguments advanced by the government in support of the proposition that the Court has authority to impose restitution for the federal tax evasion counts to which the defendant pled, Counts 5 and 6.  In addition, the Court undertook its own careful canvas of the relevant case law on the issue of a sentencing court's legal authority pursuant to 18 U.S.C. § 3663(a)(3).  The Court is no more convinced now than it was on the day it imposed sentence that any statute, case or fair reading of the Rule 11(c)(1)(C) plea agreement

19

entered into by the parties supports the government's position. As the Court stated when it imposed sentence on March 27, 2007: "I've come to the conclusion, very reluctantly, that I don't have authority under [18 U.S.C. § 3663(a)(3)] to order restitution." 3/27/07 Tr. at 590:23-24.

Accordingly, it is hereby

ORDERED that the government's Motion to Correct Clear Error by the Court Pursuant to Federal Rule of Criminal Procedure 35(a) Motion [169] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 15, 2007