UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
UNITED STATES OF AMERICA,              )
                                                    )
              v.                                    )
                                                    )          Criminal No. 05-0066 (PLF)
WALTER ANDERSON,                         )
                                                    )
              Defendant.                         )
_____)

MEMORANDUM OPINION AND ORDER

I.  BACKGROUND

On September 8, 2006, defendant Walter Anderson pled guilty to Counts 5, 6, and

11 of the Superseding Indictment.  Counts 5 and 6 alleged evasion of federal income taxes in

violation of 26 U.S.C. § 7201. See Superseding Indictment ¶¶ 42-45.  Count 11 alleged that Mr.

Anderson defrauded the District of Columbia government by failing to report or pay taxes on his

1999 income, in violation of 22 D.C. Code § 3221(a). See id. ¶¶ 54-55.  The Court held a

sentencing hearing in this case on March 19, 20, 23, and 27, 2007. On March 27, 2007, the Court

orally announced defendant's sentence in open court, stating that the sentence would be four

years on Count 11, to run concurrently with the 108 months total for Counts 5 and 6.[1]

On March 28, 2007, the day after the oral sentence was announced, the Court

issued a Memorandum Opinion and Order that further explained the Court's reasoning with

respect to the defendant's *ex post facto* argument and also explained that the Court had decided

to impose a lengthier sentence on Count 11 than the one announced at the March 27 hearing.

_____

[1]        The Court also ordered restitution in the amount of $22,809,032 pursuant to 16
D.C. Code § 711 for the tax loss in Count 11.

The Court explained that, upon further reflection, it believed that a sentence of eight years rather than four years was appropriate in this case.  Because the eight-year sentence imposed on Count 11 would run concurrently with the 108 month sentence imposed on Counts 5 and 6, Mr. Anderson's total sentence would not be increased by this change.   The Court believed it had the authority to make this change because it had not yet entered judgment in the case by signing and filing the formal Judgment and Commitment.  The Court stated:

> The Court announced that it had settled on a four-year sentence, that sentence to run concurrently with the sentences imposed on the federal charges. In retrospect, the Court thinks it more consistent with its overall sentence and the seriousness of the D.C. Code offense in this case, for the reasons stated in open court, to impose a sentence of eight years rather than four years for the D.C. Code violation. The Court's Judgment and Commitment in this case, to be entered today, therefore will reflect an eight-year sentence for the D.C. Code offense, to run concurrently with the federal sentences. The overall period of incarceration of 108 months will remain the same.

United States v. Anderson, Crim. No. 05-0066, slip op. at 3 (D.D.C. Mar. 28, 2007).  The Court signed and entered the Judgment and Commitment on March 30, 2007.

On March 30, 2007, the defendant filed a motion to vacate that portion of the Court's March 28, 2007 Memorandum Opinion and Order relating to the sentence on Count 11, arguing that the Court was without authority to amend the sentence announced in open court on March 27, and requesting that the Judgment and Commitment reflect the sentence orally announced in court on that date.  The government sought and was granted an extension of time in which to respond.  In its response, filed on April 16, 2007, the government stated that it concurred with the defendant that the Court lacked authority to increase the sentence from four to

eight years after the pronouncement of the oral sentence.  It therefore did not object to the

Court's granting the defendant's motion to vacate and to rescind the Judgment and Commitment.

## II.  DISCUSSION

Under Rule 4(b) of the Federal Rules of Appellate Procedure, the time for the

appeal of a sentence in a criminal case runs from the date of the entry of the judgment, not from

the date of the oral pronouncement of the sentence.  See FED. R. APP. P. 4(b)(1) ("In a criminal

case, a defendant's notice of appeal must be filed within 10 days after . . . the entry of either the

judgment or the order being appealed . . . .).  Rule 32 of the Federal Rules of Criminal Procedure,

the Rule governing "Sentencing and Judgment," has no definition of the term "sentence" or

"sentencing," nor does it state what constitutes a sentence.  It does, however, require the court to

conduct a sentencing proceeding in open court, to impose sentence "without unnecessary delay,"

FED. R. CRIM. P. 32(b)(1), and to enter a written judgment of conviction.  FED. R. CRIM. P. 32(k).

Before 2004, Rule 35 of the Federal Rules of Criminal Procedure, captioned "Correcting or

Reducing a Sentence," had used the term "imposition of sentence," but that term was not defined

in Rule 35 either.  The courts addressing the meaning of the term "imposition of sentence" were

split.  As the Advisory Committee pointed out, "[t]he majority view was that the term meant the

oral announcement of the sentence and the minority view was that it meant the entry of the

judgment."  FED. R. CRIM. P. 35 advisory committee's note (2004 amendments) (citing United

States v. Aguirre, 214 F.3d 1122, 1124-25 (9th Cir. 2000) (collecting cases).[2]

---

[2]     The District of Columbia Circuit was in the majority.  See Gilliam v. United
States, 269 F.2d 770, 772 (D.C. Cir. 1959) ("the pronouncement of sentence constitutes the
judgment of the court."); see also United States v. Booker, 436 F.3d 238, 246 (D.C. Cir. 2006).

In 2000, the Judicial Conference Advisory Committee on Federal Criminal Rules began to consider whether to amend Rule 35 to state with more particularity what constitutes the sentence or the imposition of sentence, at least for purposes of Rule 35.  Some members of the Committee believed that sentencing should be defined as the "oral announcement of the sentence,"  while others thought it better to refer to "the entry of the written judgment," since the entry of judgment serves as the triggering event for appeals under the Federal Rules of Appellate Procedure.  <u>See</u> Minutes of October 2000 Criminal Rules Committee meeting, www.uscourts. gov/ rules/Minutes/Min10-2000.pdf.  At its April 2001 meeting, the Committee proposed a Rule adopting what was the minority view among the circuits -- that the period within which a sentence could be corrected would run from the date of entry of the judgment, not from the oral announcement of the sentence -- in order to be consistent with Rule 4 of the Federal Rules of Appellate Procedure.  <u>See</u> Minutes of April 2001 Criminal Rules Committee meeting, www.uscourts.gov/rules/Minutes/June-2003.pdf.  That proposal was published for public comment.

Upon consideration of the public comments that were submitted, the Advisory Committee reconsidered its initial position and, in April 2002, it preliminarily decided to change its recommendation to define the triggering event for the timing requirements in Rule 35 from the written judgment to the oral announcement of the sentence, conforming to the majority view in the circuits.  Minutes of April 2002 Criminal Rules Committee meeting, www.uscourts.gov/ rules/Minutes/Min4-2002.pdf.  In September 2002, it formally recommended that "sentencing" be defined as the  "oral announcement of the sentence," <u>see</u> Minutes of September 2002 Criminal Rules Committee meeting,  www.uscourts.gov/rules/Minutes/Min9-2002.pdf, and the Standing

Committee on Rules of Practice and Procedure agreed.  <u>See</u> Minutes of June 2003 Standing

Committee meeting, www.uscourts.gov/ rules/Minutes/June-2003.pdf.  The Standing Committee

therefore recommended, and the Supreme Court in 2004 approved, a new Rule 35(c), which now

defines "sentencing" for purposes of Rule 35 as "the oral announcement of the sentence."  FED.

R. CRIM. P. 35(c); <u>see</u> FED. R. CRIM. P. 35 advisory committee's notes (2004 Amendments).

While Rule 32 of the Federal Rules still contains no definition of the term "sentence" or

"sentencing," any ambiguity in the Rules and any split in the circuits now seems clearly to have

been resolved.

     Accordingly, it is hereby,

     ORDERED that the defendant's Motion to Vacate a Portion of the Memorandum

Opinion and Order of March 28, 2007 [166] is GRANTED; it is

     FURTHER ORDERED that the fourth and final paragraph of this Court's March

28, 2007 Memorandum Opinion and Order changing defendant's sentence on the District of

Columbia Code offense of conviction (Count 11) from four years to eight years is VACATED; it

is

     FURTHER ORDERED that the March 30, 2007 Judgment and Commitment is

VACATED; and it is

     FURTHER ORDERED that an Amended Judgment and Commitment reflecting

the oral announcement of the sentence shall issue promptly.

     SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE:  June 15, 2007          United States District Judge