UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 05-0066 (PLF) |
| ) | |
| WALTER ANDERSON, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

    This matter is before the Court for resolution of two motions filed by the United

States: a motion for an order permitting disclosure of grand jury material to the Internal Revenue

Service ("Mot. Order"), and a motion to modify its initial motion for an order permitting

disclosure of grand jury material to the Internal Revenue Service ("Mot. Modify").  Defendant

Walter Anderson filed a pro se response to the government's motion for an order permitting

disclosure of grand jury material to the Internal Revenue Service ("Def's Resp.").  He also filed a

pro se response to the government's motion to modify ("Def's Modify Resp.").  In addition,

defendant's counsel in this criminal matter filed a supplemental response to the government's

motion for an order permitting disclosure of grand jury material to the Internal Revenue Service

and subsequent motion to modify ("Def's Supp. Resp.").  The government did not file a reply

brief.

    Upon consideration of all the briefs and the entire record herein, the Court will

grant the government's motion to modify its motion for an order permitting disclosure of grand

jury material to the Internal Revenue Service, and will grant the motion (as modified) for an

order permitting disclosure of grand jury materials – specifically, the records obtained by the

grand jury, but not transcripts of witness testimony – to the Internal Revenue Service personnel identified in the motion, provided that an identical disclosure is made to Mr. Anderson himself.

The government makes its request under Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, which allows a Court to order disclosure of grand jury materials "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). In order to obtain disclosure of grand jury materials under Rule 6(e)(3)(E)(i), a moving party must show a "particularized need" for the materials, even when the government seeks disclosure to another government attorney. See United States v. Sells Engineering, Inc., 463 U.S. 418, 446 (1983); see also id. at 445 (although there is no "special dispensation" from this standard for disclosure to other government agencies, "the standard itself accommodates any relevant considerations, peculiar to government movants, that weigh for or against disclosure in a given case."). With respect to this particularized need standard, the Supreme Court has explained that "[p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and the their request is structured to cover only material so needed[.]" Id. at 443 (quoting Douglas Oil Company of California v. Petrol Stops Northwest, 441 U.S. 211, 222-23 (1979)); see also In re Grand Jury Subpoenas Duces Tecum, 904 F.2d 466, 468 (8th Cir. 1990).

In its original motion, the government requested that the Court allow it to release all of the grand jury "materials related to the income tax liability of Walter Anderson for the tax years 1995 through 1999 . . . to John C. McDougal and other attorneys, revenue agents and support personnel assisting him in the prosecution of the law suit entitled Walter C. Anderson v.

Commissioner of Internal Revenue, Docket No. 20364-07 now pending before the United States Tax Court." Mot. Order at 1. The government asserted that "both the parties and the witnesses will be disadvantaged if it is necessary to duplicate the work of the grand jury in preparing for trial of the Tax Court case." Id. at 3. In his first response, the defendant agreed that all of the grand jury materials should be disclosed, so long as they would be disclosed to Mr. Anderson himself as well as to the IRS. See Def's Resp. at 2.

The government then moved to modify its original request. It now seeks disclosure of all of the documents and records obtained by the grand jury, but not the transcripts of witness testimony. See Mot. Modify at 1. Mr. Anderson, in his pro se filing in response to the motion to modify, reiterates his view that both sides should have equal access to all grand jury materials. See Def's Modify Resp. at 4, 6. Mr. Anderson's criminal defense counsel, in the supplemental response, makes alternative requests. First, counsel notes, "[i]f the Court allows the U.S. Attorneys Office to disclose any information, it should be done only with an order to first ensure that Mr. Anderson himself has access to those materials at the facility where he is housed." Def's Supp. Resp. at 2. Alternatively, "if the Court does not make all information available to all parties, Mr. Anderson, through counsel, asks that the Court deny the government's motions in total . . . ." Id.

The Court understands that the records at issue were already disclosed to Mr. Anderson, through his criminal defense counsel, during the course of discovery in this criminal case. See Def's Supp. Resp. at 2.[1] It appears that these documents have been scanned and can be provided to the defendant in electronic form. See id. at 2 n.1. The Court therefore will grant the

---

[1]     Mr. Anderson's counsel in this matter, attorneys from the office of the Federal Public Defender, are not his counsel in the Tax Court proceeding.

3

government's request to share these records with "John C. McDougal and other attorneys,
revenue agents and support personnel assisting him in the prosecution of the law suit entitled
Walter C. Anderson v. Commissioner of Internal Revenue, Docket No. 20364-07 now pending
before the United States Tax Court," see Mot. Order at 1, provided that the government also
provides copies to Mr. Anderson himself.

Accordingly it is hereby

ORDERED that the government's [189] motion to modify its initial motion for an
order permitting disclosure of grand jury material to the Internal Revenue Service is GRANTED;
it is

FURTHER ORDERED that the government's [186] motion for an order
permitting disclosure of grand jury material – as modified – is GRANTED.  Disclosure of
documents and records obtained by the grand jury, but not transcripts of witness testimony, to
John C. McDougal (and other attorneys, revenue agents and support personnel assisting him in
the prosecution of the law suit entitled Walter C. Anderson v. Commissioner of Internal
Revenue, Docket No. 20364-07 now pending before the United States Tax Court) is permissible
pursuant to this Memorandum Opinion and Order; and it is

FURTHER ORDERED that the government may only disclose information to the Internal Revenue Service personnel (identified above) that it has ensured that Mr. Anderson himself will have access to at the facility where he is housed.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  April 16, 2008

cc:     Walter Anderson #27981-016
        FCI CAMP
        P.O. Box 420
        Fairton, NJ 08320

5